UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES F. NORRIS,              )
                              )
        *Plaintiff*,          )
                              )    No.: 3:14-cv-302-PLR-HBG
v.                            )
                              )
FRANKLIN ARYERS, et al.,      )
                              )
        *Defendants*.         )

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendant Franklin Aryers. For the following reasons, process shall not issue as to the remaining defendants.

Plaintiff is an inmate in the Anderson County Detention Facility. His complaint concerns an alleged use of excessive force by defendant Franklin Aryers, a deputy with the Campbell County Sheriff's Department. Plaintiff has also named as defendants

1

Campbell County Sheriff Robbie Goins, the Campbell County Detention Facility, and the Campbell County Sheriff's Office.

The Campbell County Sheriff's Department and the Campbell County Detention Facility are not suable entities within the meaning of 42 U.S.C. § 1983 and they are **DISMISSED** from this action. *See Cage v. Kent County Correctional Facility*, 1997 WL 225647 at *1 (6th Cir. May 1, 1997) (unpublished opinion) ("jail facility named as a defendant was not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Plaintiff makes no factual allegations against Sheriff Goins. Presumably, plaintiff attempts to impose liability on him based upon his supervisory authority. In a suit brought under § 1983, however, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Therefore, Sheriff Robbie Goins is **DISMISSED** from this action.

The plaintiff is **ORDERED** to complete the service packet for defendant Aryers and return it to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that time the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant Aryers shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. Defendant's failure to timely respond to the complaint may result in entry of judgment by default against defendant Aryers.

Plaintiff is **ORDERED** to inform the Court in writing, and the defendant or his counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

Because the plaintiff is an inmate in the Anderson County Detention Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

 (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

3

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Anderson County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**