# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSE
# AT KNOXVILLE

**JAMES F. NORRIS,**

    **Plaintiff,**

**v.**                                                                                          **No. 3:14-CV-302**

**FRANKLIN ARYERS,**

    **Defendant.**

## ANSWER

Comes now the Defendant, Franklin Ayers, incorrectly identified as Franklin "Aryers", by and through counsel and in response to the Complaint herein filed against him would say unto the Court as follows:

This Defendant would assert that this Court has jurisdiction over U.S.C. § 1983 claims as well as concurrent jurisdiction over state law claims. However, this Defendant would deny that the Plaintiff's allegations rise to the level of a constitutional question or that this Court should exercise its discretion regarding supplement jurisdiction with respect to any state law claims.

## PARTIES

1.    This Defendant does not have information sufficient to admit or deny the allegations of residency in Paragraph 8 of Plaintiff's Complaint.

2.    This Defendant admits that he is an employee of the Campbell County Sheriff's Office.

1

## STATEMENT OF CLAIM

1. The allegations in Paragraph 1 of Plaintiff's Statement of Claim are denied.

2. The allegations in Paragraph 2 of Plaintiff's Statement of Claim are denied.

3. The allegations in Paragraph 3 of Plaintiff's Statement of Claim are denied.

4. This Defendant would deny that Plaintiff is entitled to that for which he seeks in his prayer for relief.

## AFFIRMATIVE DEFENSES

5. These Defendants hereby assert and rely upon all applicable statutes of limitation, including but not limited to, those enumerated in T.C.A. § 29-20-101, et seq., the U.S. Constitution 42 U.S.C. § 1984, and 42 U.S.C. § 12132, et seq.

6. This Defendant affirmatively asserts that the Complaint does not state a claim for which relief can be granted as to this Defendant in his individual or official capacity and as such must be dismissed.

7. This Defendant would aver that the Plaintiff has failed to show any action taken by this Defendant that would entitle him to recover under 42 U.S.C. § 1983.

8. This Defendant would assert that the Plaintiff has failed to exhaust all administrative remedies required to perform under the Prison Litigation Reform Act 42 U.S.C. § 1997 (e) for filing suit and this Defendant moves for dismissal.

9. This Defendant denies that the Plaintiff has suffered any injuries or damages as a proximate result of any actions or inactions on his part.

10. This Defendant moves for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure specifically Rule 12(b)(1), 12(b)(6) and/or Rule 56.

11. This Defendant would assert that the Plaintiff has not shown that this Defendant committed any violation of his constitutional rights or alleged any act that rises to the level of a federal question.

12. This Defendant would further assert that the Plaintiff has not stated a compensable claim for relief with detailed facts that would form a basis for any type of claim against this Defendant and has done nothing more than simply state conclusions.

13. This Defendant would assert that he has complied with the requirements of the State of Tennessee and the federal government with regard to the Plaintiff's constitutional rights.

14. This Defendant asserts and relies upon all applicable defenses and immunities including, but not limited to, those enumerated in the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq., the United States Constitution, the statutes of the United States including, but not limited to, 42 U.S.C. § 1983.

15. In the event this Court elects to consider any state law claims, this Defendant invokes all defense and immunities contained in the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq.

16. This Defendant would assert that he is entitled to attorney's fees from the Plaintiff as a result of the frivolous lawsuit filed herein against him pursuant to 42 U.S.C. § 1988.

17. Any and all allegations of the Plaintiff's statement of his claim not heretofore admitted, denied or explained are hereby denied and strict proof is demanded thereof.

18. This Defendant respectfully reserves the right to amend his Answer pursuant to the Federal Rules of Civil Procedure and allege any other affirmative defenses that he might have available to him as discovery takes place.

WHEREFORE, now having fully answered this Defendant respectfully requests that this Complaint filed against him be dismissed with cost taxed to the Plaintiff.

Respectfully submitted:

/s/ Rhonda L. Bradshaw
Rhonda L. Bradshaw - 014082
Attorney for Defendant Franklin Ayers
First Tennessee Tower, Suite 1400
800 S. Gay Street
Knoxville, TN 37929
(865) 673-8516

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2015, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

James F. Norris
712 Boggs Avenue
Knoxville, TN 37920

/s/ Rhonda L. Bradshaw
Rhonda L. Bradshaw