| | |
|---|---|
| JAMES F. NORRIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRANKLIN ARYERS, et al., ) <br> ) <br> Defendants. ) <br> ) | No.: 3:14-CV-302-PLR-HBG |

## MEMORANDUM AND ORDER

Plaintiff filed a timely complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 on June 30, 2014 [Doc. 2]. The Court dismissed *sua sponte* Robbie Goins, Campbell County Detention Facility, and Campbell County Sheriff's Office as defendants from the suit on October 20, 2014 [Doc. 3]. On December 23, 2014, the Court dismissed the action against the only remaining defendant, Franklin Ayers[1], *sua sponte*, for failure to prosecute [Doc. 7]. However, on January 26, 2015, the Court vacated the order of dismissal as to Defendant Ayers, and the case was restored to the Court's active docket after Plaintiff established service of process [Doc. 9].

Defendant Ayers ("Defendant") filed the current motion for summary judgment [Doc. 13], supporting statement of undisputed facts [Doc. 14], and memorandum of law [Doc. 15]. No response in opposition to Defendant's motion has been filed by Plaintiff and the time for doing so has passed. E.D. Tenn. L.R. 7.1. As Plaintiff did not file a response to the motion, the Court

---

[1] Defendant Franklin Ayers notifies the Court through an affidavit that the correct spelling of his last name is Ayers, not that as written in the complaint [Doc. 14-1 p. 1].

deems Plaintiff has waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. L.R. 7.2.

**I.  Background**

In his complaint, Plaintiff alleges that Defendant "willfully use[d] his position of authority to cause and inflict bodily harm and use of excessive force" against Plaintiff [Doc. 2 p. 1]. As a result of force used, Plaintiff claims that he suffered injury "to [his] [skeletal] frame (shoulder was torn out of socket) at the jail of Campbell Co., Tennessee" [*Id*. at 2].

Defendant denied all allegations against him in his answer [Doc. 11] and filed this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. 13]. The Court has examined the record and determined that the evidence set forth by Defendant supports the conclusion that no genuine issue of material fact remains.

**II.  Standard of Review**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper wherever the movant shows the absence of any genuine material dispute and an entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment is an integral tool for securing the "just, speedy[,] and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of truth at trial." *Id.* at 322.

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded; at a minimum, the Court is required to examine the motion to ensure that the movant has met its initial burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). However, in the absence of a response, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). The court still must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." *Id.* at 407.

If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. at 410 (alteration omitted).

**III.  Analysis**

Defendant states that there are no genuine issues of material fact and he is entitled to judgment as a matter of law [Doc. 13]. Defendant argues that (1) Plaintiff cannot provide evidence that identifies a violation of his constitutional rights by Defendant; (2) Plaintiff cannot establish the *de minimis* facts necessary to show that Defendant injured Plaintiff; and (3) Plaintiff has not established an official county custom or policy necessary to prosecute a § 1983 claim against the Defendant in his official capacity [*Id*.].

Moreover, Defendant submitted an affidavit refuting Plaintiff's allegations of a civil rights injury [Doc. 14-1]. In his affidavit Defendant testifies that he is a patrol deputy with the

3

Campbell County Sheriff's Department and has been for at least a year prior to the filing of Plaintiff's complaint [*Id*.]. He did not work in the Campbell County Jail in the year prior to the filing of Plaintiff's complaint [*Id*.]. In July of 2013, Defendant was dispatched to a domestic assault call at Plaintiff's home [*Id*.]. However, when he arrived at Plaintiff's residence in response to the complaint for domestic assault, Plaintiff had already left the premises [*Id*.]. Defendant states that he has never met Plaintiff nor has he had any dealing with Plaintiff, either before or after responding to the domestic assault complaint at Plaintiff's home [*Id*.]. Defendant never physically touched Plaintiff and never inflicted bodily harm or used excessive force on Plaintiff [*Id*.].

### A. Official Capacity

As an initial matter, the Court will first address Defendant's third argument claiming that Plaintiff has not established an official county custom or policy necessary to prosecute a § 1983 claim against Defendant in his official capacity.

Defendant argues that Plaintiff is suing Defendant only in his official capacity because he has not clearly notified the Court of his intent to seek individual liability against Defendant, and therefore, it is presumed that Defendant is sued in his official capacity [Doc. 15 p. 6]. A suit filed against a government employee in his official capacity is "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). As such, Defendant contends that Plaintiff must prove that a custom or policy representing a deliberate choice by the municipality's lawmakers or authorized policymakers directly resulted in the alleged injury. *Id*. at 694; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Defendant argues that since "Plaintiff has not indicated the existence of a municipal policy or custom that caused his injury . . . Plaintiff's claim should

4

be dismissed because it falls short of the standards for a section 1983 official-capacity suit" [Doc. 15 p. 7].

The Court finds that because Plaintiff has not specified the capacity in which he is seeking to impose liability on Defendant, it must be assumed that Defendant is being sued in his official capacity, *see Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989), unless the complaint or subsequent course of proceedings sufficiently apprizes Defendant that he is being sued individually. *Moore v. City of Harriman*, 272 F.3d 769, 781 (6th Cir. 2001). Because nothing in the complaint suggests that Defendant would be held personally liable for the alleged use of force, the Court will assume that he is being sued in his official capacity.

A suit against a defendant in his or her official capacity is treated as an action against the governmental entity which he represents because any judgment awarded would have to be paid by the represented entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Monell*, 436 U.S. at 690-91 ("A suit against an individual in 'his official capacity' has been held to be essentially a suit directly against the local government unit and can result in that unit's liability to respond to the injury party for his injuries."). Yet, the government entity cannot be held liable merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. It is interpreted from the complaint that Plaintiff is suing Defendant as a representative of Campbell County, and therefore, the claims against Defendant must be treated as a suit against Campbell County.

To succeed on a claim against the County, or against Defendant in his official capacity, Plaintiff must show that he suffered harm because of a constitutional violation and that a policy or custom of the entity caused the harm. *Id.*; *Soper v. Hoben*, 195 F.3d 845, 853-54 (6th Cir. 1999), *cert. denied*, 530 U.S. 1262 (2000). Put simply, Plaintiff must "identify the policy and

5

connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted).  Additionally, Plaintiff must show that the County was itself a "moving force" behind the deprivation, so that its policy or custom played a part in the constitutional violation.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff does not maintain that any County policy or custom caused any of the constitutional violation or injury alleged herein. *See Meyers v. City of Cincinnati*, 14 F.3d 1115, 1120 (6th Cir. 1994) (noting that the policy requirement for municipal liability "is meant to distinguish those injuries for which the government as an entity is responsible under § 1983 from those injuries for which the government should not be held accountable") (internal citation and quotation marks omitted).  Since it is well settled that "[a] plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom," *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013), and since Plaintiff has not identified any policy, tied it to the County, or demonstrated how the policy led to his injuries, he has not alleged a claim for damages under the theory of municipal liability. *See Connick v. Thompson*, 563 U.S. 51 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting *Monell*, 436 U.S. at 691).  Plaintiff has failed to show that Defendant is liable to him in damages in his official capacity.

### B. Violation of Plaintiff's Constitutional Rights

In light of the above, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, the pleading must be

6

sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted).

Even if the Court were to interpret the claims against Defendant as allegations against him in his individual capacity, the Court finds that Plaintiff failed to factually support his claims of excessive force against Defendant.

Defendant argues that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . ." *Celotex Corp. v. Catrett*, 477 U.S. 324 (1986). Plaintiff claims that Defendant violated Plaintiff's civil rights by using excessive force at the county jail [Doc. 2 p. 1]. Defendant asserts that the Court should dismiss this claim because the complaint lacks the necessary facts to identify the proper issues, such as what transpired, or on what date the alleged violation occurred [Doc. 15 p. 4]. Plaintiff merely states that he was "at the jail" when Defendant caused him injury through excessive force [Doc. 2 p. 1]. Defendant argues that without knowledge of whether Plaintiff, at the time, was a free citizen, a pre-trial detainee, or a convict, one cannot determine which constitutional right is at issue, and therefore, which standard should apply. *See Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). Based on the lack of facts provided, Defendant maintains that Plaintiff has not raised a genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law [Doc. 15 p. 5].

7

Case 3:14-cv-00302-PLR-HBG   Document 16   Filed 02/22/16   Page 7 of 9   PageID #: 55

The Court finds that Plaintiff failed to identify any evidence which a reasonable trier of fact could interpret as supporting the allegations of excessive force against Defendant. *Lott v. Swift Transp. Co.*, 694 F. Supp. 2d 923, 928 (W.D. Tenn. Mar. 17, 2010) (noting complaint must set forth facts sufficient to give rise to a plausible, not merely possible, claim for relief and bare recitation of claim elements is insufficient). Plaintiff's one-sentence allegation that Defendant "use[d] his position of authority to cause and inflict bodily harm and use of excessive force causing injury . . ." fails to establish an underlying constitutional violation without additional facts [Doc. 2 p. 4]. The Court categorizes Plaintiff's claim against Defendant as a mere "the-defendant-unlawfully-harmed-me accusation" that fails to meet the facial plausibility standard.

Moreover, it is found that a party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id*. With no response in opposition filed, the Court finds no evidence in the record showing a genuine issue of material fact exists as to the use of excessive force by Defendant.

Thus, even if the Defendant is found to have been sued in his individual capacity rather than official capacity, the Court finds that Plaintiff's allegations against Defendant do not raise a genuine dispute of material fact based on a review of the record. Accordingly, Defendant is entitled to summary judgment.

## IV. Conclusion

For the reasons set forth above, the motion for summary judgment filed by Defendant Franklin Ayers [Doc. 13] is **GRANTED** and the claims against him are **DISMISSED**. Since Defendant Ayers was the only remaining defendant in the lawsuit, this action will be

**DISMISSED** in its entirety for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)((ii).

**AN APPROPRIATE ORDER WILL FOLLOW.**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**